UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LISA A. ARDINO, on behalf of
herself and all others
similarly situated,

        Plaintiff,

   v.

LYONS, DOUGHTY & VELDHUIS,
P.C.,

        Defendant.

Civil No. 11-848 (NLH/KMW)

**OPINION**

**APPEARANCES:**

Joseph K. Jones, Esquire
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue
Suite 100
Fairfield, New Jersey 07004
    *Attorney for Plaintiff*

Gregg S. Kahn, Esquire
Wilson Elser
33 Washington Street
Newark, New Jersey 07102
    *Attorney for Defendant*

**HILLMAN, District Judge**

This matter comes before the Court by way of Defendant
Lyons, Doughty and Veldhuis, P.C.'s motion [Doc. No. 5] to
dismiss Plaintiff's complaint pursuant to Federal Rule of Civil
Procedure 12(b)(6).  The Court has considered the parties'
submissions and decides this matter pursuant to Federal Rule of
Civil Procedure 78.

For the reasons expressed below, Defendant's motion is granted in part and denied in part.

## I.   <u>JURISDICTION</u>

Plaintiff Lisa Ardino brings this putative state wide class action alleging claims against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 <u>et seq.</u>  The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

## II.  <u>BACKGROUND</u>

Plaintiff filed the complaint in this action on February 15, 2011, alleging that Defendant Lyons, Doughty and Veldhuis, P.C., ("Defendant"),[1] a law firm "in the business of acquiring and/or collecting debts[,]" violated several provisions of the FDCPA by virtue of a debt collection letter sent to Plaintiff and a subsequent letter to Plaintiff which included a "Consent Judgment with Terms" and "Certified Discovery."  (Class Action Compl. & Demand for Jury Trial [Doc. No. 1] (hereinafter, "Pl.'s Compl."), ¶¶ 1, 7-8, 13-14, 17.)

Plaintiff represents that on or about December 16, 2010, she received and read a letter (hereinafter, "December 16th

---

1.  Plaintiff's complaint also named as Defendants John Does 1-25 as fictitious individuals and businesses for "the purpose of substituting names of defendants whose identities" were unknown at the time the complaint was filed.  (Pl.'s Compl. ¶ 9.)  To date, no such defendants have been identified, and the Court will refer only to the current Defendant Lyons, Doughty and Veldhuis, P.C.

collection letter") from Defendant which sought to collect a debt

Plaintiff allegedly owed to Target National Bank in the amount of

$2,806.53.  (Pl.'s Compl. ¶¶ 13, 15; see also December 16th

collection letter, Ex. A to Pl.'s Compl.)  As it relates to

Plaintiff's claims in this case, the body of the December 16th

collection letter provided in pertinent part:

> Dear LISA A Ardino:
>         Please be advised that this office represents
> Target National Bank in connection with your
> account.
>         We have been advised that your account is in
> default.  Our client indicates that the amount due
> as of the date of this letter is $2,806.53 plus
> interest in the amount of $0.00 for a total of
> $2,806.53.  Your balance may increase because of
> interest or other charges.
>         At this time, no attorney with this firm has
> personally reviewed the particular circumstances
> of your account.
>         If you have any questions concerning this
> matter or if you wish to arrange for payment,
> please contact our claims adjuster at [telephone
> number].

(See December 16th collection letter, Ex. A to Pl.'s

Compl.)

    Approximately two inches below the body of the December 16th

collection letter, the following notice concerning Plaintiff's

rights appeared:

> IMPORTANT NOTICE CONCERNING YOUR RIGHTS
> THIS FIRM LYONS, DOUGHTY & VELDHUIS, P.C. IS A
> DEBT COLLECTOR.  UNLESS YOU NOTIFY US WITHIN 30
> DAYS AFTER THE RECEIPT OF THIS LETTER THAT THE
> VALIDITY OF THIS DEBT, OR ANY PORTION OF IT, IS
> DISPUTED, THIS FIRM WILL ASSUME THAT THE DEBT IS
> VALID.  IF YOU DO NOTIFY US, IN WRITING WITHIN 30
> DAYS AFTER THE RECEIPT OF THIS LETTER THAT THE

VALIDITY OF THIS DEBT OR ANY PORTION OF IT IS
DISPUTED, THIS FIRM WILL OBTAIN VERIFICATION OF
THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND
MAIL THE VERIFICATION OR JUDGMENT TO YOU.  ALSO,
UPON YOUR WRITTEN REQUEST WITHIN 30 DAYS, THIS
FIRM WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF
THE ORIGINAL CREDITOR IF DIFFERENT FROM THE
CURRENT CREDITOR.  THIS LETTER IS AN ATTEMPT TO
COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL
BE USED FOR THAT PURPOSE.[2]

(See December 16th collection letter, Ex. A to Pl.'s Compl.)

Plaintiff also represents that on or before January 20,
2011, Defendant "filed a Summons and Complaint in the Superior
Court of New Jersey, Law Division - Special Civil Part, Union
County, New Jersey, Docket No.: DC-001179-11, commencing suit
against Plaintiff."  (Pl.'s Compl. ¶ 16; see also Summons and
Superior Court Compl., Ex. B. to Pl.'s Compl.)  Subsequently,
Defendant sent Plaintiff a second letter dated January 28, 2011
("January 28th letter"), designated "Payment Arrangement
Confirmation."  (Pl.'s Compl. ¶ 17; see also January 28th letter,
Ex. C. to Pl.'s Compl.)  Enclosed with the January 28th letter
were two documents: (1) a "Consent Judgment with Terms" and (2)
"Certified Discovery."  (Pl.'s Compl. ¶ 17; see also January 28th
letter and enclosures, Ex. C. to Pl.'s Compl.)  The January 28th
letter requested that Plaintiff review the Consent Judgment and

---

2.  The Court has reproduced the language of the December 16th
collection letter exactly as it appears in the original, i.e. in
all capital letters.  However, throughout the remainder of this
opinion, the Court will utilize lowercase letters when referring
to this language.

Certified Discovery, complete the questions on the Certified
Discovery, sign the documents, and return them to Defendant
within ten days.  (Pl.'s Compl. ¶ 17; see also January 28th
letter, Ex. C. to Pl.'s Compl.)  On February 14, 2011, Plaintiff
retained an attorney to file an answer to the complaint pending
in the New Jersey Superior Court - Special Civil Part.  (Pl.'s
Compl. ¶ 18.)  Plaintiff filed the complaint in this case the
following day, February 15, 2011.

Plaintiff's complaint alleges that Defendant violated
Section 1692g(a)(5) (Count I) and Section 1692e(10) (Count II) of
the FDCPA.  (Id. ¶¶ 19-36.)  Plaintiff contends that Defendant is
liable to Plaintiff for: (1) a declaratory judgment that this
conduct violated the FDCPA; (2) actual damages; and (3) statutory
damages, costs, and attorneys' fees.  (Id. ¶ 28, 36.)
Additionally, Plaintiff seeks to bring this action as a state
wide class action "on behalf of herself and all New Jersey
consumers and their successors in interest (the 'Class'), who
have received debt collection letters and/or notices from
Defendant[] which are in violation of the FDCPA, as described in
this Complaint."  (Id. ¶ 10.)  Plaintiff further alleges that
this action is properly maintained as a class action and
satisfies all requirements for class actions pursuant to Federal
Rule of Civil Procedure 23.  (Id. ¶ 11-12.)  Plaintiff also seeks
the issuance of a preliminary or permanent injunction restraining

Defendant from engaging in conduct or practices that violate the
FDCPA, as well as the issuance of a declaratory order requiring
Defendant to make corrective disclosures.  (Id. at 8.)

## III. DISCUSSION

### A.   Standard for Motion to Dismiss

In the present motion, Defendant seeks dismissal of
Plaintiff's complaint pursuant to Federal Rule of Civil Procedure
12(b)(6).  When considering a motion to dismiss a complaint for
failure to state a claim upon which relief can be granted
pursuant to Federal Rule of Civil Procedure 12(b)(6), a court
must accept all well-pleaded allegations in the complaint as true
and view them in the light most favorable to the plaintiff.
Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  It is well
settled that a pleading is sufficient if it contains "a short and
plain statement of the claim showing that the pleader is entitled
to relief."  FED. R. CIV. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks
"'not whether a plaintiff will ultimately prevail but whether the
claimant is entitled to offer evidence to support the claims[.]'"
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting
Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft
v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly
expounded the pleading standard for 'all civil actions[.]'")
(citation omitted).  First, under the Twombly/Iqbal standard, a

6

district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (citing Iqbal, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Fowler, 578 F.3d at 211; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Twombly, 550 U.S. at 556). "The defendant bears the burden of showing that no claim has been presented." Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).

However, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245; see also Burrell v. DFS Servs., LLC,

753 F. Supp. 2d 438, 444 (D.N.J. 2010) ("When a claim is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), leave to amend and reassert that claim is ordinarily granted. ... A claim may be dismissed with prejudice, however, if amending the complaint would be futile.") (citation omitted).

**B.   Fair Debt Collection Practices Act**

Congress enacted the FDCPA in 1977 "to eliminate abusive debt collection practices which contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000) (citations and internal quotations omitted).  As Congress has explained, "the purpose of the Act was not only to eliminate abusive debt collection practices, but also to 'insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" Lesher v. Law Offices Of Mitchell N. Kay, PC, 650 F.3d 993, 996 (3d Cir. 2011) (citing 15 U.S.C. § 1692(e)).  In light of the inadequacy of the existing consumer protection laws at the time, Congress elected to give consumers a private right of action against debt collectors who fail to comply with the FDCPA's requirements. Lesher, 650 F.3d at 996-97.

Under the FDCPA a debt collector must include the following

information in a debt collection letter to a consumer:[3]

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

See 15 U.S.C. § 1692g(a).

Paragraphs three, four, and five of Section 1692g(a) comprise what is known as "the validation notice -- the statements that inform the consumer how to obtain verification of the debt and that [the consumer] has thirty days in which to do

---

3.  The parties apparently do not dispute that Defendant is a "debt collector" and Plaintiff is a "consumer" under the FDCPA. (See generally Br. in Supp. of Def.'s Mot. for Dismissal of Pl.'s Compl. Pursuant to Rule 12(b)(6) [Doc. No. 5-1] (hereinafter, "Def.'s Mot. to Dismiss") 1-4); see also Pl.'s Compl. ¶¶ 4, 6, 8.)  The FDCPA defines the term debt collector as "any person who ... [engages] in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  A consumer is defined as "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).

so." <u>Wilson</u>, 225 F.3d at 353-54.  Importantly, "the debt
validation provisions of section 1692g were included by Congress
to guarantee that consumers would receive adequate notice of
their rights under the law." <u>Id.</u> at 354.  Therefore, compliance
with the requirements of Section 1692g necessitates more "than
mere inclusion of the statutory debt validation notice in the
debt collection letter -- the required notice must also be
conveyed effectively to the debtor." <u>Id.</u>; <u>see also</u> <u>Graziano v.
Harrison</u>, 950 F.2d 107, 111 (3d Cir. 1991).

    "Because the FDCPA is a remedial statute, we construe its
language broadly so as to effect its purpose." <u>Lesher</u>, 650 F.3d
at 997 (citing <u>Brown v. Card Serv. Ctr.</u>, 464 F.3d 450, 453 (3d
Cir. 2006)).  As a result, courts in this Circuit evaluate
communications from lenders to debtors from the perspective of
the "least sophisticated debtor."[4]  <u>Lesher</u>, 650 F.3d at 997.
This standard, fashioned to protect all consumers -- the gullible
as well as the shrewd, is "lower than the standard of a
reasonable debtor." <u>Rosenau v. Unifund Corp.</u>, 539 F.3d 218, 221
(3d Cir. 2008).  That is to say, "[a] communication that would
not deceive or mislead a reasonable debtor might still deceive or
mislead the least sophisticated debtor." <u>Id.</u> (citing <u>Brown</u>, 464
F.3d at 454).  Importantly, in the Third Circuit, the question of

---

4.  Courts often use the terms consumer and debtor
interchangeably when referring to this standard.

"whether the least sophisticated debtor would be misled by a particular communication is a question of law that may be resolved in a Rule 12(b)(6) motion." Smith v. Lyons, Doughty & Veldhuis, No. 07-5139, 2008 WL 2885887, at *3 (D.N.J. July 23, 2008) (citing Wilson, 225 F.3d at 353 n.2) ("[W]hether language in a collection letter contradicts or overshadows the validation notice is a question of law."); see also Bodine v. First Nat'l Collection Bureau, Inc., No. 10-2472, 2010 WL 5149847, at *3 (D.N.J. Dec. 13, 2010) ("The question of whether a collection letter or notice violates the provisions of the FDCPA is a question of law to be determined by the Court.")

While the least sophisticated debtor "standard protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" Wilson, 225 F.3d at 354-55 (citation omitted); see also Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 298-99 (3d Cir. 2008) (same). "Although established to ease the lot of the naive," the least sophisticated debtor standard does not extend to "provide solace to the willfully blind or non-observant." Campuzano-Burgos, 550 F.3d at 299. Accordingly, "[e]ven the least sophisticated debtor is bound to read collection notices in their entirety." Id.

IV.  __ANALYSIS__

In the present motion, Defendant seeks to dismiss with prejudice in its entirety Count I of Plaintiff's complaint alleging a violation of Section 1692g(a)(5).  Defendant also seeks to dismiss with prejudice in its entirety Count II which alleges violations of Section 1692e(10).  Alternatively, Defendant seeks dismissal with prejudice of any class action relief as it relates to the claims in Count II.  Finally, Defendant seeks to dismiss with prejudice any request by Plaintiff for injunctive or declaratory relief.  The Court will address each of these issues in turn.

**A. Count I: Violation of Section 1692g(a)(5)**

As set forth more fully below, the Court finds that the language in the December 16th collection letter does not constitute a violation of Section 1692g(a)(5) of the FDCPA, and thus the Court grants Defendant's motion as to Count I and dismisses Count I with prejudice in its entirety.

Count I of Plaintiff's complaint alleges that certain language in the December 16th collection letter violates Section 1692g(a)(5) of the FDCPA.  (See generally Pl.'s Compl. ¶¶ 19-28.) Specifically, Plaintiff challenges the following language (hereinafter, "the challenged language"): "Also, upon your written request within 30 days, this firm will provide you with the name and address of the original creditor if different from

12

the current creditor." (Pl.'s Compl. ¶ 24.) Plaintiff argues
that the least sophisticated consumer would be confused as to
whether the "within 30 days" time period expires thirty days from
the date of the letter or thirty days from the date the letter is
received by the consumer. (Id. ¶¶ 24-26.) Accordingly,
Plaintiff asserts that by "by failing to inform Plaintiff ...
that the thirty-day period to request in writing, the name and
address of the original creditor, expires thirty days from the
date o[f] receipt of the notice by the consumer[,]" Defendant
violated Section 1692g(a)(5). (Id. ¶ 27.)

Defendant makes two arguments for the dismissal of Count I.
First, Defendant argues it was not required to include the
language relevant to Section 1692g(a)(5) in the first instance
because there was no change in creditor in connection with
Plaintiff's debt, since the original creditor and the current
creditor are the same. (Def.'s Mot. to Dismiss 11.) Thus,
Defendant argues that Plaintiff "cannot assert a cause of action
based upon a statutory provision that does not apply to her and
to language that she was not entitled to receive." (Id.)
Second, Defendant contends that even if it was required to
include the language relevant to Section 1692g(a)(5) in the
December 16th collection letter to Plaintiff despite the absence
of a change in creditor, the December 16th collection letter
complied with the FDCPA. (Id.) Defendant notes that on its

13

face, Section 1692g(a)(5) "does not require the inclusion of the particular phrase ... 'within 30 days after the receipt of the notice[,]'" as the paragraph five of that Section merely states "within the thirty-day period[.]" (<u>Id.</u> at 12.)  Therefore, Defendant argues that the challenged language complies with the FDCPA because the validation notice in the December 16th collection letter includes two sentences immediately prior to the challenged language which specifically set forth that the thirty-day period began to run "after the receipt of this letter."  (<u>Id.</u> at 13.)  Defendant asserts that even the least sophisticated debtor would not be confused by "such a simple and clear statement [which] could not possibly be deceptive or misleading[.]" (<u>Id.</u>)

Plaintiff disputes Defendant's argument that the Section 1692g(a)(5) language was not required because there was no change in creditor by arguing that Defendant has not pointed to any evidence that the original creditor and the current creditor are the same, and by noting that Defendant's argument fails precisely because Defendant did in fact include this language.  (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss Pursuant to Rule 12(b)(6) [Doc. No. 7] (hereinafter, "Pl.'s Opp'n"), 6-7.)  Plaintiff further contends that Section 1692g(a)(5)'s use of the phrase "within the thirty-day period" refers to the thirty-day period set forth in Section 1692g(a)(3) which specifies "within

14

thirty days after receipt of the notice[.]"  (Id. at 8.)

  With regard to Defendant's first argument -- that there was no change in creditor, thus Defendant did not have to include the validation notice language outlined in Section 1692g(a)(5) -- the Court notes that neither party has cited any authority binding on this Court which resolves this precise issue.  Moreover, an extensive search by the Court revealed no cases in the Third Circuit or this District wherein a court concluded that the "original creditor" language of Section 1692g(a)(5) was not required where there was no change in creditor.  However, the Court notes that other Circuit and District courts have addressed this issue.  For example, in McCabe v. Crawford & Co., the district court dismissed the plaintiff's claim under Section 1692g(a)(5).  210 F.R.D. 631, 639 (N.D. Ill. 2002).  The plaintiff in McCabe argued that the debt collector failed to provide the name and address of the original creditor pursuant to Section 1692g(a)(5).  Id.  After noting that this language is required where the original creditor differs from the present creditor, the district court went on to find that the plaintiff's claim "fail[ed] as a matter of law because ... the creditor ... remained the same."  Id.  The district court concluded that "[b]ecause the FDCPA d[id] not require any notice in these circumstances, [the plaintiff] fail[ed] to state a claim under § 1692g(a)(5)."  Id.

15

Similarly, the district court in <u>Shimek v. Weissman, Nowack,</u> <u>Curry & Wilco, P.C.</u>, granted summary judgment for the defendant on a count by the plaintiffs alleging a Section 1692g(a)(5) violation where the defendant failed to offer to provide the name and address of the plaintiffs' original creditors, or only provided the name and not the address.  323 F. Supp. 2d 1344, 1348-49 (N.D. Ga. 2003).  The defendant in <u>Shimek</u> argued that it did not need to "include the Section 1692g(a)(5) language in its debt collection letter when the current creditor [was] the original creditor[.]"  <u>Id.</u> at 1348.  The district court emphasized that the language of Section 1692g(a)(5) says "if different from the current creditor" and found that based on the plain language of the statute the defendant complied with the FDCPA by providing the name of the creditor to whom the debt was owed.  <u>Id.</u> at 1348-49; <u>Cf.</u> <u>Volden v. Innovative Fin. Sys., Inc.</u>, 440 F.3d 947, 955-56 (8th Cir. 2006) (finding that initial notice did not violate Section 1692g(a)(5) even where notice failed to contain the precise language of that Section because the notice informed plaintiff of his right to seek validation of the debt and identified the creditors and their locations such that the defendant's "technical and meaningless omission ... could not have been seen by Congress as a purposeful violation of the FDCPA").

However, the Court need not resolve this issue, because even

assuming that the "original creditor" language of Section
1692g(a)(5) must be included in a validation notice even where
there is no change in creditor, such as here, the Court finds
that Defendant's December 16th collection letter complied with
the requirements of Section 1692g(a)(5).  The crux of Plaintiff's
claim regarding Section 1692g(a)(5) rests upon six words, "after
the receipt of this letter", and where those words appear and do
not appear in the December 16th collection letter.  The parties
apparently agree that the phrase "within the thirty-day period"
set forth in Section 1692g(a)(5) refers to the same thirty-day
period defined in Section 1692g(a)(3), that is, "within thirty
days after receipt of the notice."  Thus the parties do not
dispute that Plaintiff had thirty days from her receipt of the
December 16th collection letter to make a written request for the
name of the original creditor.  (Compare Def.'s Mot. to Dismiss
11-13, with Pl.'s Opp'n 8.)

The disagreement between the parties is whether the FDCPA
requires that a validation notice specifically set forth that the
thirty-day time period under Section 1692g(a)(5) begins to run
from receipt of the letter.  Thus, the question before the Court
is whether, as a matter of law, Defendant's omission of the
phrase "after the receipt of this letter" in the sentence
regarding information for the "original creditor" so contradicts
the remainder of the validation notice such that it would confuse

17

the least sophisticated debtor as to her rights.

On this issue, Defendant contends that the December 16th collection letter complied with the statutory requirements because the sentences proceeding the challenged language clearly set forth on two separate occasions that the thirty-day period runs from receipt of the letter. (Def.'s Mot. to Dismiss 13.) Defendant argues that even the least sophisticated debtor would understand that the challenged language -- "within 30 days" -- refers to the same thirty-day period set out previously -- "within 30 days after the receipt of this letter" -- and that this statement is not deceptive or misleading. (Id.) To the contrary, Plaintiff contends that the December 16th collection letter "could reasonably be read to mean that plaintiff had to notify defendant within thirty days of her receipt of the collection letter **or** thirty days from the date of the collection letter[.]" (Pl.'s Opp'n 6) (emphasis added.) Therefore, Plaintiff asserts that the validation notice in the December 16th collection letter was not conveyed clearly and effectively to Plaintiff. (Id.) Plaintiff further contends that the letter is contradictory[5] because it would make the least sophisticated debtor uncertain as to her rights. (Id.)

---

5. Plaintiff does not specifically allege in the complaint that the challenged language is contradictory or misleading. (See generally Pl.'s Compl.) The complaint simply alleges that the least sophisticated debtor would be "confused" by the language of the December 16th collection letter. (Id. at ¶¶ 25-26.)

The Court agrees with Defendant.  While the least
sophisticated debtor standard is a low standard designed to "ease
the lot of the naive" and to protect all consumers, the standard
nevertheless "safeguards bill collectors from liability for
'bizarre or idiosyncratic interpretations of collection notices'
by preserving at least a modicum of reasonableness, as well as
'presuming a basic level of understanding and willingness to read
with care [on the part of the recipient].'"  <u>Campuzano-Burgos</u>,
550 F.3d at 299.  Therefore, in the Third Circuit, "[e]ven the
least sophisticated debtor is bound to read collection notices in
their entirety."  <u>Id.</u>  Accordingly, the least sophisticated
debtor reviewing a collection notice must be observant and must
read the notice carefully and completely.  <u>Id.</u>

Taking these considerations into account, the Court finds
that the December 16th collection letter and the validation
notice set forth in all capital letters at the bottom of the
letter, when read carefully and in their entirety, are not
contradictory or misleading such that the least sophisticated
debtor would be uncertain of her rights.  The validation notice
provides:

> <u>Important Notice Concerning Your Rights</u>
> This Firm Lyons, Doughty & Veldhuis, P.C. is a
> debt collector.  Unless you notify us **within 30
> days after the receipt of this letter** that the
> validity of this debt, or any portion of it, is
> disputed, this Firm will assume that the debt is
> valid.  If you do notify us, in writing **within 30
> days after the receipt of this letter** that the

19

> validity of this debt or any portion of it is
> disputed, this Firm will obtain verification of
> the debt or a copy of a judgment against you and
> mail the verification or judgment to you.  **Also**,
> upon your written request **within 30 days**, this
> Firm will provide you with the name and address of
> the original creditor if different from the
> current creditor.  This Letter is an attempt to
> collect a debt, and any information obtained will
> be used for that purpose.

(<u>See</u> December 16th collection letter, Ex. A to Pl.'s Compl)
(emphasis added.)

Here, the use of the phrase "within 30 days" in the sentence
regarding the "original creditor" information immediately follows
two clear statements that the Plaintiff has thirty days "after
the receipt of this letter" to exercise the rights set forth in
the validation notice and thus trigger Defendant's obligations
under the FDCPA.  Further, the phrase "within 30 days" in the
"original creditor" information sentence is directly proceeded by
the word "Also" which is plainly meant to refer the reader back
to the previously defined time period of thirty days after
receipt of the letter.  Preserving a modicum of reasonableness as
the least sophisticated debtor standard requires, this is a fair
and sensible reading of the validation notice and the December
16th collection letter as a whole because the challenged language
does not contradict any other language used in the December 16th
collection letter.

The particular linguistic challenge Plaintiff alleges here

is distinct from the contradictory language found to violate the FDCPA in <u>Philip v. Sardo & Batista, P.C.</u>, No. 11-4773, 2011 WL 5513201, at *3 (D.N.J. Nov. 10, 2011).  In <u>Philip</u>, the plaintiff argued that the sentence below the signature line in the defendant's collection letter contradicted the language in the body of the letter.  <u>Id.</u>  The sentence below the signature line stated that the plaintiff had "thirty days from the date of the letter to exercise or preserve certain rights under the FDCPA[.]" <u>Id.</u>  However, the language in the body of the defendant's collection letter complied with the statutory requirement by stating that the plaintiff had "thirty days after receipt of the notice[.]"  <u>Id.</u>

    The <u>Philip</u> plaintiff argued that the sentence below the signature line was contradictory to the body of the letter and thus left the least sophisticated debtor confused over which thirty-day period applied.  <u>Id.</u>  Similarly to Defendant here, the defendant in <u>Philip</u> countered this argument by pointing to three places in the body of the collection letter which specifically stated that the plaintiff had thirty days after receipt of the letter to respond and argued "that the entirety of the letter therefore ma[de] it clear that this is the applicable time period."  <u>Id.</u>  Despite this argument, the district court found that the sentence below the signature line "affirmatively misinform[ed] [the] debtor of her rights" and "unlawfully

create[d] confusion as to what date would trigger the thirty day period[.]"  Id.  Based on this directly contradictory language, the district court concluded that "the omission of words 'after receipt of the notice' set[] forth a valid legal claim to survive th[e] motion to dismiss."  Id. at *4.

Given the absence of any contradictory language in the December 16th collection letter, the present case is distinguishable from Philip.  The contradictory language in Philip affirmatively misinformed the plaintiff of her time to respond based on the date of the letter while simultaneously informing the plaintiff of her time to respond from the receipt of the letter.  Thus, the district court found a violation of the FDCPA.  In contrast to directly contradictory language which could clearly mislead even a sophisticated debtor, the challenged language in the December 16th collection letter here simply states "within 30 days."  This language, which admittedly does not contain the six specific words "after the receipt of this letter," cannot reasonably to said to contradict or overshadow the two prior sentences which explicitly set forth that the thirty-day time period is triggered after receipt of the letter. The Court concludes that in these circumstances the present case directly analogous to Stokes v. Consumer Credit, Inc., No. 10-cv-03103, 2011 WL 1099000, at *1-2 (D.N.J. Mar. 22, 2011), and McStay v. I.C. Sys., Inc., 174 F. Supp. 2d 42, 44-47 (S.D.N.Y.

2001).

The plaintiff in <u>Stokes</u>, who was represented by the same attorney representing Plaintiff in the present case, similarly brought a class action against the defendant based on a collection letter the plaintiff contended violated the FDCPA. <u>Stokes</u>, 2011 WL 1099000, at *1.  The collection notice in <u>Stokes</u> set forth on the front of the notice: "'[u]nless you notify our office that you dispute the validity of this debt within 30 days of receiving this letter, we will assume that the debt is valid and expect it to be paid.'"  <u>Id.</u>  On the back of the letter, it read: "'CCI will assume this debt to be valid unless you dispute the validity of the debt, or any portion thereof, within thirty days after receipt of this notice.  If you notify CCI, in writing, within this thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt[.]'"  <u>Id.</u>  Plaintiff took issue with the fact that the language on the front of the letter failed to inform consumers that they could dispute "any portion" of the debt and argued the front and back of the letter were inconsistent and would cause the least sophisticated consumer to misunderstand his rights. <u>Id.</u>

In ruling on the defendant's motion to dismiss pursuant to Rule 12(b)(6), the district court noted that the "gravam[e]n of the complaint at issue [was] four little words, 'or any part

thereof[.]" Id. at *2. The court rejected the plaintiff's
argument that the collection letter was confusing and conflicting
because these four words appeared in the validation notice on the
back of the letter but were omitted from the front, and found as
a matter of law that this omission did not create conflict or
confusion. Id. The court recognized that the validation notice
on the back did not contradict the language on the front of the
letter but "merely expanded, modified or clarified it[.]" Id.
In granting the defendant's motion to dismiss, the Stokes court
determined that the plaintiff's argument was "an unreasonable
linguistic stretch" and found that the "fact that the phrases on
the front and back are not identical [did] not mean that they
[were] inconsistent or deceptive." Id. at *2-3.

Similarly, in McStay, the plaintiff conceded that the
defendant's collection letter contained the required validation
notice on the reserve side of the letter, but argued that the
validation notice was overshadowed or contradicted by the
following language on the front of the letter: "Please be advised
that if after 30 days your account is not paid in full or
otherwise closed, the account information will be forwarded to
the National Credit Reporting Agencies. This may hinder your
ability to obtain credit in the future." 174 F. Supp. 2d at 44-
45. The plaintiff specifically argued that this language on the
front of the letter contradicted or overshadowed the validation

notice on the reserve side because it did "not specify whether
the thirty-day period that [the plaintiff] ha[d] to dispute the
debt [was] to be calculated from the date the ... letter was
written ... or the date the letter was actually received[.]"  Id.
at 45.

     The district court found the plaintiff's argument
unpersuasive and determined that when read in its entirety, the
letter "would not ... leave a consumer uncertain as to his
rights."  Id. at 46.  After acknowledging that the statement on
the front was "admittedly ambiguous because it d[id] not specify
the date from which the thirty-day period [was] to be
calculated[,]" the court went on to explain that "[w]hile
ambiguous, the statement d[id] not, in and of itself, constitute
an affirmative misstatement or patent contradiction of the time
period to dispute a debt under § 1692g."  Id. at 46 n.1.  The
district court further concluded that when read in conjunction
with the validation notice on the reserve side, the notice
resolved any ambiguity.  Id. at 46.  The court determined that
not even the least sophisticated consumer would construe the
language on the front and back of the letter to mean that he had
thirty days from the date of the letter as opposed to from
receipt in which to dispute the debt.  Id. at 46.  Thus the court
granted the defendant's motion for summary judgment.  Id. at 48.

     As the courts in Stokes and McStay found, this Court

25

similarly finds that Defendant's use of the phrase "within 30 days" in the "original creditor" information sentence of the validation notice does not contradict the language in the remainder of the December 16th collection letter.  At worst, this language is ambiguous, but it is clear upon the Court's review that this phrase does not affirmatively misinform the consumer of her rights under the FDCPA.  As the court noted in Stokes, Plaintiff's argument here is "an unreasonable linguistic stretch" of the challenged language.  See Stokes, 2011 WL 1099000, at *2. Similarly to the phrases at issue in Stokes, the fact that the thirty-day language of the December 16th collection letter is not identical in every instance "does not mean [the language is] inconsistent or deceptive."  Id.  In this case, even the least sophisticated debtor reading the December 16th collection letter in its entirety with care and observance, would recognize that the final reference to "within 30 days" refers to the same thirty-day period after receipt of the letter that was specifically set forth in the prior sentences since there is no language to contradict such an interpretation.  The absence of a statutory violation based on this language is clear given that the challenged language does not constitute "an affirmative misstatement or a patent contradiction of the time period" at issue.  See McStay, 174 F. Supp. 2d at 46 n.1.

The Court's finding that the language of the December 16th

collection letter challenged by Plaintiff does not constitute a
violation of Section 1692g(a)(5) in this instance is consistent
with the least sophisticated debtor standard.  Even under this
low standard, debt collectors are safeguarded from bizarre and
idiosyncratic interpretations of collection notices because the
standard preserves a modicum of reasonableness.

Campuzano-Burgos, 550 F.3d at 299.  Here, Plaintiff is attempting
to take Defendant's reasonable use of the phrase "within 30 days"
out of context and examine it in a vacuum by failing to consider
the entirety of the December 16th collection letter and thus
allege a violation of Section 1692g(a)(5).  Such an isolated and
idiosyncratic[6] view of the challenged language is unreasonable and

---

6. The Court notes that counsel for Plaintiff in this action
previously filed suit on behalf of a different plaintiff against
the same law firm Defendant.  See Smith v. Lyons, Doughty &
Veldhuis, No. 07-5139, 2008 WL 2885887, *1 (D.N.J. July 23,
2008).  In Smith, the plaintiff brought seven counts against the
current Defendant for alleged violations of the FDCPA, including
several counts under Sections 1692g(a)(1), (3), and (5).  Id.
The plaintiff in Smith based his claims on a nearly identical
collection letter sent by Defendant to the plaintiff.  Id.  The
challenged letter in Smith set forth in pertinent part:

IMPORTANT NOTICE CONCERNING YOUR RIGHTS

UNLESS YOU NOTIFY U.S. **WITHIN 30 DAYS AFTER THE RECEIPT
OF THIS LETTER** THAT THE VALIDITY OF THIS DEBT, OR ANY
PORTION OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT
IS VALID. IF YOU DO NOTIFY U.S. OF A DISPUTE WE WILL
OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU.
**ALSO, UPON YOUR WRITTEN REQUEST WITHIN 30 DAYS, WE WILL
PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL
CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.** THIS
LETTER IS AN ATTEMPT TO COLLECT A DEBT, AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

cannot be maintained, even under the least sophisticated debtor
standard.  Accordingly, the Court finds as a matter of law that
Plaintiff fails to state a claim for which relief may be granted
under Section 1692g(a)(5) and thus Count I of the complaint is
dismissed with prejudice in its entirety.

**B. Count II: Violations of Section 1692e(10)**

Count II of Plaintiff's complaint alleges that Defendant
violated Section 1692e(10) of the FDCPA.  (Pl.'s Compl. ¶¶ 29-
36.)  Count II alleges two distinct violations of Section
1692e(10).  The first of these allegations contends that
Defendant violated Section 1692e(10) by failing to inform
Plaintiff that the thirty-day period to request information for

_____

Id. at *1 n.1 (emphasis added).  This Court notes that the
validation notice in Smith includes the exact same language
which Plaintiff, represented by the same counsel, now
challenges in the present case.  However, in Smith, the
plaintiff did not allege that the phrase "within 30 days" as
used in the sentence regarding information of the original
creditor was confusing or misleading and thus violated
Section 1692g(a)(5).  Id. at *1.  This is noteworthy since
the validation notice in Smith set forth only once that the
thirty-day period ran from the receipt of the letter.  Id.
at *1 n.1.  The plaintiff in Smith only challenged the
letter under Section 1692g(a)(5) based on Defendant's
failure to provide the address of the original creditor, not
the thirty-day reference, and the plaintiff ultimately
consented to the dismissal of that count.  Id. at *1-2 n.3.
The absence of any challenge to the exact same language in
Smith that is now challenged in the present suit by the same
attorney, while not dispositive, strongly suggests that the
present claim under Section 1692g(a)(5) represents an
idiosyncratic view of the validation notice by Plaintiff's
counsel.

28

the "original creditor" ran from the date the letter was received by Plaintiff.  (Id. ¶ 31.)  While Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, for the reasons set forth supra, the Court concludes that the challenged language of the December 16th collection letter was not false, misleading, or deceptive.  Accordingly, to the extent Count II alleges a claim under Section 1692e(10) based on the December 16th collection letter, Count II is dismissed with prejudice as Plaintiff has failed to state a claim for which relief can be granted.

The second alleged violation of Section 1692e(10) in Count II relates to the January 28th letter Defendant sent to Plaintiff along with a "Consent Judgement with Terms" and "Certified Discovery."  Plaintiff asserts that this letter used "deceptive means and misrepresent[ed] the time frame in which Plaintiff was entitled to in providing answers" to Defendant's discovery demands. (Id. ¶¶ 32, 34.)  Plaintiff contends that the New Jersey Court Rules pertinent to the action Defendant filed in the New Jersey Superior Court -- Special Civil Part provide for thirty days to serve and answer interrogatories, while Defendant's January 28th letter sought responses to the "Certified Discovery" from Plaintiff in ten days.  (Id. ¶¶ 33-34.)  Accordingly, Plaintiff alleges that Defendant's misrepresentation of the time

frame for responding to discovery violates Section 1692e(10) and
that Plaintiff suffered damages based on this misrepresentation.
(Id. ¶¶ 32, 35.)

In the present motion, Defendant argues that this portion of
Count II should be dismissed because "it is based on the mistaken
assumption that [Defendant] was sending [Plaintiff] formal
discovery requests pursuant to the Court Rules." (Def.'s Mot. to
Dismiss 14.)  According to Defendant, after filing the complaint
against Plaintiff in the New Jersey Superior Court -- Special
Civil Part, the parties agreed upon a payment schedule for
Plaintiff's debt and the January 28th letter was a "payment
arrangement confirmation" letter sent in furtherance of
settlement discussions, not as formal discovery. (Id.)  Thus,
Defendant argues that Plaintiff cannot possibly argue that
Defendant misrepresented the time frame for response under the
New Jersey Court Rules. (Id.)  Plaintiff disagrees with
Defendant's characterization of the January 28th letter and notes
that the letter included a document entitled "Certified
Discovery," which sought "various discoverable information such
as personal information from plaintiff, including family and
financial matters." (Pl.'s Opp'n 9-10.)  Plaintiff argues that
at the time, she was unrepresented by counsel and Defendant
"improperly directed" her to complete the questions on the
"Certified Discovery" document and return them to Defendant

within ten days.  (Id. at 10.)  Plaintiff notes that there is no
indication in the January 28th letter or the "Certified
Discovery" that responding to the discovery is related to
settlement discussions, and thus from the prospective of the
least sophisticated consumer, the receipt of legal documents and
a deadline to respond constitutes a false representation or a
deceptive means.  (Id.)

Noticeably absent from either party's argument on this
alleged violation of Section 1692e(10) is the citation to even a
single case addressing this issue directly or by analogy.  The
parties have not set forth any authority which either supports or
refutes the existence of a claim under Section 1692e(10) based on
the inclusion of a document entitled "Certified Discovery" with a
purported settlement offer to a debtor.  Moreover, neither party
has even attempted to explain the nature of "Certified Discovery"
under the New Jersey Court Rules.

On a motion to dismiss, the Court must accept the factual
allegations of Plaintiff's complaint as true and view them in the
light most favorable to Plaintiff.  Furthermore, as the moving
party Defendant bears the burden for establishing that no
plausible claim has been alleged.  Taking these considerations
into account, the Court notes that Defendant filed a complaint
against Plaintiff in the New Jersey Superior Court -- Special
Civil Part.  (Pl.'s Compl. ¶ 16; see also Summons and Superior

Court Compl., Ex. B. to Pl.'s Compl.)  As Plaintiff alleges in
the complaint in this action, New Jersey Court Rule 6:4-3, which
governs discovery in proceedings in the Special Civil Part, is
applicable to the action filed by Defendant and generally
provides that the time period for answering interrogatories shall
be thirty days.  R. 6:4-3(a); (see also Pl.'s Compl. ¶ 33).
Moreover, as Plaintiff alleges, Defendant's January 28th letter
encloses a document entitled "Certified Discovery" and requests
that Plaintiff "[c]omplete the questions on the Certified
Discovery" and return the document to Defendant within ten days.
(Pl.'s Compl. ¶¶ 17, 34; see also January 28th letter and
enclosures, Ex. C. to Pl.'s Compl.)  Based on these facts,
Plaintiff contends that Defendant violated Section 1692e(10)
because Defendant used "deceptive means and misrepresent[ed]" the
thirty-day time frame for responding to discovery in the Special
Civil Part by seeking Plaintiff's completed answers within ten
days.  (Pl.'s Compl. ¶¶ 32-35.)

　　　Taking these allegations as true and viewing them in the
light most favorable to Plaintiff, the Court finds that the least
sophisticated debtor could be mislead by Defendant's
representation that "Certified Discovery" be completed and
returned within ten days and may not know that New Jersey Court
Rules provide additional time to answer discovery requests.
Despite Defendant's argument that the January 28th letter and the

enclosed "Certified Discovery" were sent in furtherance of
settlement discussions and not in the context of formal
discovery, under New Jersey Court Rules interrogatories may be
"served upon or demanded from any other party with or after
service of the summons and complaint upon that party."  R. 4:17-
2.[7]  It appears from Plaintiff's complaint and the Special Civil
Part summons and complaint attached thereto as Exhibit B, that
Defendant initiated the state court action on or around January
20, 2011 and Plaintiff was served on or about January 24, 2011.
The fact that the January 28th letter was sent to Plaintiff after
the state court complaint was filed and served and included
"Certified Discovery," significantly challenges Defendant's
argument that these documents were not sent in the context of
formal discovery.  The least sophisticated debtor may have been
confused based on Defendant's legal documents and the
representations in the January 28th letter.  Accordingly, the
Court finds that Defendant has not satisfied its burden at this
time to demonstrate that Plaintiff fails to state a claim under

---

7.  While Rule 6:4-3 governs discovery in the Special Civil Part,
the Rule provides that interrogatories served under that Rule may
be served pursuant to the applicable provisions of Rule 4:17.  R.
6:4-3(a).  Rule 4:17-2 sets forth generally the time for serving
interrogatories and provides in pertinent part:
"[i]nterrogatories may, without leave of court, be served upon
the plaintiff or answers demanded ... after commencement of the
action and served upon or demanded from any other party with or
after service of the summons and complaint upon that party."  R.
4:17-2.

Section 1692e(10) relating to the January 28th letter and its enclosures.  Accordingly, the Court denies Defendant's motion to dismiss Count II to the extent Count II asserts a claim under Section 1692e(10) based on the January 28th letter and its enclosures.

### C. Count II Claims for Class Action Relief

To the extent Count II alleges a claim for a violation of Section 1692e(10) based on Defendant's January 28th letter, Defendant also seeks dismissal of any class action relief based on this portion of Count II.  (Def.'s Mot. to Dismiss 15.)

"Normally, courts refrain from analyzing the propriety of a proposed class with respect to a given claim until the plaintiff moves for class certification under Federal Rule 23.  There are, however, 'rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met.'" Smith, 2008 WL 2885887, at *4 (citing Clark v. McDonald's Corp., 213 F.R.D. 198, 205 n.3 (D.N.J. 2003)).  "In such situations, courts will strike or dismiss class allegations even if discovery has not yet taken place."  Smith, 2008 WL 2885887, at *4.  In this case, it appears from the face of the complaint that this potential class cannot satisfy the predominance[8] requirement as

8. Plaintiff does not specify in the complaint whether the potential class is being brought pursuant to subsection one, two, or three of Rule 23(b).  However, in light of Plaintiff's allegation that there are "questions of law and fact which are common to the [c]lass and which predominate over questions

to the remaining portion of Count II.

"Rule 23 of the Federal Rules of Civil Procedure allows a class action if certain requirements are met.  First, the class must meet the 'prerequisites' of Rule 23(a): numerosity, commonality, typicality, and adequacy.  Second, the class must fit one of the Rule 23(b) types of classes. ... Rule 23(b)(3), ... requires (1) 'that the questions of law or fact common to class members predominate over any questions affecting only individual members,' and (2) 'that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'  These requirements are known as predominance and superiority."  Behrend v. Comcast Corp., 655 F.3d 182, 189-90 (3d Cir. 2011) (citing Rule 23(b)(3)).  Moreover, "Plaintiffs bear the burden of establishing each element of Rule 23 by a preponderance of the evidence."  Behrend, 655 F.3d at 190.

In the complaint, Plaintiff proposes a class consisting of "[a]ll New Jersey consumers who received collection letters and/or notices from the Defendant[] that contained at least one of the alleged violations arising from the Defendants' violation

---

affecting any individual class member[,]" (see Pl.'s Compl. ¶ 12), the Court assumes that Plaintiff is attempting to bring this action as a Rule 23(b)(3) class.  Rule 23(b)(3) provides in part that subject to satisfaction of the Rule 23(a) requirements, a class action may be maintained if "the court finds that questions of law or fact common to the class members predominate over any questions affecting only individual members[.]" FED. R. CIV. P. 23(b)(3).

of 15 U.S.C. § 1692[.]"  (Pl.'s Compl. ¶ 11.)  Plaintiff contends
that common questions of law and fact "predominate over questions
affecting any individual [c]lass member" including, but not
limited to, whether: (1) Defendant violated Section 1692e(10);
(2) class members were injured by Defendant's conduct; (3) class
members sustained damages, are entitled to restitution, and the
proper measure for determining damages; and (4) whether class
members are entitled to declaratory and/or injunctive[9] relief.
(Id. ¶ 12.)

Defendant argues that class action relief on the remaining
claim in Count II "is dependent upon [Defendant's] settlement
discussions with individual debtors, [which is] clearly a fact-
sensitive and case-by-case inquiry."  (Def.'s Mot. to Dismiss
15.)  According to Defendant, this portion of Count II,
concerning "payment arrangement confirmation" communications,
cannot set forth sufficient facts to warrant class certification
because "resolution of such disputes would by necessity require a
case-by-case assessment of: (i) whether [Defendant] communicated
with a debtor either verbally or in writing regarding possible
settlement; (ii) whether [Defendant] and the debtor reached an
agreement regarding payment of the underlying debt, and if so,

---

9. As set forth infra, Plaintiff's claims for declaratory and
injunctive relief are prohibited under the FDCPA.  Accordingly,
Plaintiff cannot contend that whether potential class members are
entitled to declaratory or injunctive relief is a common question
that predominates in this action.

the specifics of the settlement/payment arrangement; and (iii) whether any confirming letters were thereafter sent out memorializing the payment arrangement." (<u>Id.</u> at 16-17.)

Although Plaintiff's complaint purports to set forth class action allegations, the Court finds that Plaintiff's allegations are merely general recitals of the requirements of Rule 23.  At this time, Plaintiff's allegations regarding a potential class action lack sufficient factual support to demonstrate on the face of the complaint that Plaintiff can satisfy the predominance and superiority requirements of Rule 23(b)(3).  Moreover, in responding to Defendant's motion to dismiss, Plaintiff offers no arguments to rebut Defendant's assertion that the portion of Count II regarding "payment arrangement confirmations" cannot set forth sufficient facts to warrant class certification.  Plaintiff similarly fails to offer any additional factual support for these class action claims in opposition to dismissal.  Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's class action allegations relating to the remaining portion of Count II at this time.  The dismissal of Plaintiff's class action claims in this regard is without prejudice to Plaintiff's right to seek leave to amend the complaint should she subsequently discover sufficient factual support for such claims.

**D.  Request for Injunctive and Declaratory Relief**

Finally, Defendant seeks to dismiss all requests in

Plaintiff's complaint for declaratory and injunctive relief. (Def.'s Mot. to Dismiss 18.)  In the complaint, Plaintiff seeks: (1) a declaratory judgment that Defendant's conduct violated the FDCPA, (see Pl.'s Compl. ¶¶ 28, 36); (2) the issuance of a preliminary or permanent injunction restraining Defendant from engaging in conduct or practices that violate the FDCPA (id. at 8); and (3) the issuance of a declaratory order requiring Defendant to make corrective disclosures.  (Id.)  However, it is well established in the Third Circuit that injunctive and declaratory relief are not available under the FDCPA for private causes of action against debt collectors.  Weiss v. Regal Collections, 385 F.3d 337, 342 (3d Cir. 2004) ("[W]e hold injunctive and declaratory relief are not available to litigants acting in an individual capacity under the FDCPA."); see also Beck v. Maximus, Inc., 457 F.3d 291, 301 (3d Cir. 2006) (recognizing the holding in Weiss that "declaratory and injunctive [relief are] unavailable under the Fair Debt Collection Practices Act."); Agostino v. Quest Diagnostics Inc., 256 F.R.D. 437, 459 (D.N.J. 2009) ("Third Circuit precedent is clear that injunctive or declaratory relief is not available to private plaintiffs pursuing claims under the FDCPA.) (citing Weiss, 385 F.3d at 342).  Accordingly, Plaintiff's demands for declaratory and injunctive relief are dismissed with prejudice.

**V.    CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss [Doc. No. 5] is granted in part and denied in part.[10]  An appropriate Order will be entered.


Dated:    December 14, 2011          /s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

10.  To the extent Defendant's motion is granted and Plaintiff's claims are dismissed with prejudice, the Court notes that leave to amend will not be granted as any such amendment would be futile.  See Phillips, 515 F.3d at 245.